# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATE OF AMERICA *ex rel.* : | |
| TZAC, INC., : | |
| : | |
| Plaintiff, : | Civil Action No.:   15-2001 (RC) |
| : | |
| v. : | Re Document No.:   15 |
| : | |
| CARTER CENTER, INC., : | |
| : | |
| Defendant. : | |

## ORDER

### GRANTING IN PART AND DENYING IN PART RELATOR'S MOTION TO UNSEAL CASE; GRANTING RELATOR'S MOTION FOR PUBLIC HEARING

Having received the United States's Motion to Dismiss this action, Relator's Motions to Unseal the Case and for a Public Hearing, and the Unites States's objections thereto, the Court hereby **GRANTS IN PART AND DENIES IN PART** Relator's Motion to Unseal, and **GRANTS** its Motion for a Public Hearing.

While the False Claims Act indicates that certain aspects of the Government's decision-making process must be kept under seal for a certain period of time, *see* 31 U.S.C. § 3730(b)(2), (c)(4), at no point does it indicate that a § 3730(c)(2)(A) hearing must be sealed once the Government has chosen to dismiss a case. *Cf.* 31 U.S.C. § 3730(c)(2)(B) ("The Government may settle the action with the defendant . . . after a hearing" and "[u]pon a showing of good cause, such hearing may be held in camera"). Additionally, the D.C. Circuit has indicated that it is within a district court judge's discretion to keep False Claims Act proceedings sealed after the Government has filed a motion to dismiss. *See Swift v. United States*, 318 F.3d 250, 254 (D.C. Cir. 2003).

Generally, there is a "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The Government has not indicated that there is anything unique about this case and this hearing that would warrant its maintenance under seal. Indeed, the Government has already decided that it will not pursue this action. Therefore, the hearing at issue "is simply to give the relator a formal opportunity to convince the government not to *end the case*," *Swift*, 318 F. 3d at 253 (emphasis added), rather than to give the Relator an opportunity to convince the Government to intervene in the case. Thus, although nothing precludes the Government from changing its mind and choosing to intervene after the hearing, that process need not be under seal. Under these circumstances, the Government's change of heart would be more akin to the opportunity the Government has to intervene upon a showing of good cause in a typical False Claims Act case after it has been unsealed. 31 U.S.C. § 3730(c)(3).

Therefore, **IT IS HEREBY ORDERED** that

1. the Complaint, ECF No. 1; the United States's Motion to Dismiss, ECF No. 14; and Relator's Motions to Unseal Case and for Public Hearing, ECF No. 15, shall be unsealed;

2. all other contents of the Court's file in this action remain under seal and shall not be made public, except this Order;

3. the seal is lifted as to all other matters occurring in this action after the date of this Order.

**IT IS FURTHER ORDERED** that on or before January 23, 2018, the parties shall meet, confer, and propose dates for a hearing pursuant to 31 U.S.C. § 3730(c)(2)(A). No live witnesses

may be presented at this hearing, and any proffered testimony to be considered by the United States and the Court must be presented by declaration two weeks in advance of the hearing.

**SO ORDERED**.

Dated:  January 9, 2018                                                              RUDOLPH CONTRERAS
                                                                                                              United States District Judge